UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

HAI QUOC LE, JR.

    Plaintiff,

v.                                              CASE NUMBER:
                                                  HONORABLE:

CITY OF HARTFORD and TRESSA BELTRAN,
in her individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com
_____/

THERE ARE NO OTHER PENDING CIVIL ACTIONS ARISING OUT OF THE TRANSACTIONS OR OCCURRENCES ALLEGED IN THIS COMPLAINT.

**COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the City of Grand Junction, County of Van Buren, State of Michigan.

2. Defendant Tressa Beltran is a resident of the City of Hartford, County of Van Buren, State of Michigan

3. Defendant City of Hartford is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

4. At all material times mentioned herein, Defendant Beltran was the Chief of Police for the City of Hartford Police Department, and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

5. That all relevant events giving rise to this lawsuit occurred in the County of Van Buren, State of Michigan.

6. That this lawsuit arises out of Defendants' violations of Plaintiff's clearly established constitutional rights as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7. This Honorable Court also has supplemental jurisdiction over the state law claims set forth herein.

8. That jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.0) not including interest, costs, and attorney fees.

**FACTS**

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. At all material times mentioned herein, Defendant Beltran was the Chief of Police for the City of Hartford Police Department and held herself out as a member of law enforcement.

12. At all material times mentioned herein, Plaintiff was on parole, reported to his parole officer as required, and otherwise met his parole obligations.

13. Defendant Beltran was aware that Plaintiff was on parole at all material times.

14. At all material times mentioned herein, Plaintiff took prescribed pain medication because of a torn ACL in his left knee.

15. Defendant Beltran was aware of Plaintiff's medically prescribed use of pain medication and was introduced to Plaintiff so that Defendant Beltran could purchase pain medication from Plaintiff.

16. At approximately the end of November of 2021, Defendant Beltran first approached Plaintiff and told him that he had to provide her with his pain medication, or she would make Plaintiff's life "a living hell."

17. Defendant Beltran made it very clear to Plaintiff that she knew Plaintiff's parole officer very well and engaged in social activities with Plaintiff's parole officer.

18. Defendant Beltran informed Plaintiff that if he did not provide her with pills, she would report Plaintiff to his parole officer and make a criminal case against him.

19. The threats of criminal prosecution to Plaintiff by Defendant Beltran if Plaintiff did not provide her with drugs continued until approximately July of 2022.

20. On many of the encounters between Plaintiff and Defendant Beltran when Defendant Beltran demanded that Plaintiff provide her with pills, Defendant Beltran was in uniform and acting as the chief of police.

21. Defendant Beltran used her influence as a member of law enforcement to extort Plaintiff and threaten him with arrest if Plaintiff did not comply with her demands.

22. When Defendant Beltran engaged with Plaintiff to obtain or otherwise extorted Plaintiff to provide pills to her, Plaintiff did not feel he was free to leave or just walk away; and otherwise felt

3

compelled to engage with Defendant Beltran and acquiesce to her requests; and as a result Defendant Beltran restricted Plaintiff's liberties and freedom of movement.

23. Upon information and belief, Defendant Beltran resigned from her position as police chief in January of 2023.

24. Defendant Beltran was eventually charged with various criminal offenses including but not limited to embezzlement, extortion, and possession of controlled substances.

25. On or about May 31, 2023, Defendant Beltran was arraigned in the 7th District Court in Paw Paw, Michigan, and she was bound over to the circuit court on or about July 26, 2023.

26. The criminal charges against Defendant Beltran remain pending.

27. As a result of Defendant Beltran's unlawful actions, Plaintiff sustained significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 FALSE ARREST

28. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

29. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

30. At all material times, Defendant Beltran was acting under color of law and unreasonably when she violated Plaintiff's well-established Fourth Amendment rights by falsely arresting Plaintiff and otherwise restricting Plaintiff's freedom of movement.

31. That Defendant Beltran's actions and/or inactions were at all times objectively unreasonable and other in violation of Plaintiff's clearly established rights under the Fourth

Amendment to the United States Constitution; and which proximately resulted in injuries and damages to Plaintiff.

32. Defendant Beltran is not entitled to qualified immunity because she violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

33. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendant Beltran, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

### COUNT II
### VIOLATION OF THE FOURTEENTH AMENDMENT
### 42 U.S.C. § 1983 SUBSTANTIVE DUE PROCESS

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. That the Fourteenth Amendment to the United States Constitution prohibits the State from depriving Plaintiff of a property right, liberty interest, bodily integrity, reputation, and/or a good name without due process of law.

36. That the Fourteenth Amendment to the United States Constitution protects Plaintiff from arbitrary and capricious actions by the government.

37. That the actions taken by Defendant Beltran against Plaintiff were arbitrarily and capriciously taken and were otherwise conscience shocking.

38. Defendant Beltran's actions were at all times reckless, intentional, and/or deliberately indifferent and deprived Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution.

39. As a result of Defendant Beltran's violations/deprivations of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with interest, costs, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. That the actions taken by Defendant Beltran against Plaintiff constituted extreme and outrageous conduct which shocks the conscience.

42. That the actions undertaken by Defendant Beltran were extreme, atrocious, and intolerable in a civilized community.

43. The actions taken by Defendant Beltran were not undertaken in good faith nor for any legitimate governmental purpose.

44. The extreme and outrageous conduct intentionally and/or recklessly taken by Defendant Beltran against Plaintiff caused Plaintiff to suffer severe emotional distress and caused Plaintiff to otherwise be damages and injured.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand

Dollars ($75,000.00) not including costs, interest, and attorney fees, along with any other relief that the Court deems appropriate and just.

## COUNT IV
## CIVIL EXTORTION

45. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. Defendant Beltran orally communicated with Plaintiff and otherwise threatened Plaintiff with harm, injury, and/or criminal prosecution unless he provided her with drugs.

47. As a result of Defendant Beltran's actions, Plaintiff suffered injuries and/or damages.

48. Defendant Beltran's actions were malicious, undertaken in bad faith, and otherwise had no legitimate governmental or lawful purpose whatsoever.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including costs, interest, and attorney fees, along with any other relief that the Court deems appropriate and just.

## COUNT V
## CONSTITUTIONAL VIOLATIONS OF CITY OF HARTFORD

49. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

50. Acting intentionally, recklessly, and/or with deliberate indifference, Defendant City of Hartford practiced and/or permitted customs and/or policies and/or practices which resulted in the violations of Plaintiff's constitutional rights as set forth herein and were otherwise the moving force of the violations of Plaintiff's constitutional rights.

51. That these unlawful customs, policies, and/or practices included but were not limited to the following:

(a) failing to adequately and regularly train and/or supervise its law enforcement officials to ensure that their actions do not violate the rights of citizens;

(b) failing to supervise, review, and/or discipline law enforcement officials whom Defendant knew or should have known were violating or were prone to violate citizen's constitutional rights, thereby permitting and/or encouraging its law enforcement officials to engage in unlawful conduct;

(c) failing to have an adequate performance evaluation system in place thereby encouraging its law enforcement officials to engage in inappropriate and/or unlawful behavior; and

(d) failing to require law enforcement officials to comply with established policies and/or procedures and to discipline or reprimand those who violated established policies and/or procedures.

52. By acting with deliberate indifference to the obvious and/or known risks posed by its law enforcement officials, Defendants practiced and/or permitted customs and/or practice and/or policies that resulted in violations of Plaintiff's constitutional rights as set forth herein.

53. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

54. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

55. The facts as set forth in the preceding paragraphs constitute violations of Plaintiff's constitutional rights, and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for

compensatory and punitive damages, plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES


**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  April 2, 2024

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

HAI QUOC LE, JR.

    Plaintiff,

v.  CASE NUMBER:
    HONORABLE:

CITY OF HARTFORD and TRESSA BELTRAN,
in her individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com
_____/

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES


**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  April 2, 2024